UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES DAN GOFF,

     Plaintiff,

v.                                                        Case No. 4:23-cv-495-AW/MJF

BRANDY BUMPLEY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, commenced this civil rights action by asserting that Sergeant Brandy Bumpley violated the Fourteenth Amendment when she sprayed Plaintiff with chemical agents. Doc. 1 at 1–2, 5, 7. The undersigned conducted a preliminary screening of the complaint, identified defects in Plaintiff's claim, and ordered Plaintiff to amend his complaint. Doc. 7. Plaintiff disregarded that order and has not amended his complaint. Because Plaintiff failed to state a claim upon which relief can be granted—specifically, he failed to allege that Bumpley violated the Fourteenth Amendment and that Bumpley was acting pursuant to a custom or policy—the District Court should dismiss this action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

Page 1 of 10

## I. BACKGROUND

### A.    Plaintiff's Allegation

Plaintiff asserts an excessive force claim against Bumpley in her official capacity. Doc. 1 at 2, 7. Plaintiff alleges that, while he was a pretrial detainee at the Liberty County Jail, Bumpley sprayed Plaintiff in the face with a chemical agent. *Id.* at 5.

### B.    The Undersigned's Order to Amend or Voluntarily Dismiss the Complaint

On January 23, 2024, the undersigned advised Plaintiff that Plaintiff failed to state a plausible claim for two independent reasons: (1) Plaintiff had failed to allege that Bumpley used excessive force in violation of the Fourteenth Amendment; and (2) Plaintiff failed to allege that Bumpley was acting pursuant to a custom or policy. Doc. 7 at 3–6. The undersigned provided Plaintiff a choice:

- Plaintiff could file a first amended complaint with additional factual allegations that would cure these deficiencies; or

- Plaintiff could file a notice of voluntary dismissal.

*Id.* at 5–9. The undersigned provided Plaintiff until February 22, 2024, to comply with that order. *Id.* at 9. The undesigned also warned Plaintiff that the failure to comply with the order likely would result in dismissal

Page 2 of 10

of this action for failure to state a plausible claim for relief. *Id.* Plaintiff did not comply with that order.

**C.    The Undersigned's Order to Show Cause**

On March 8, 2024, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of January 23, 2024. Doc. 8 at 1. The undersigned also ordered Plaintiff to file a first amended complaint or a notice of voluntary dismissal. *Id.* The undersigned imposed a compliance deadline of March 22, 2024, and again warned Plaintiff that the failure to comply timely with the order likely would result in dismissal of this action for failure to state a plausible claim for relief. *Id.* at 1–2. Plaintiff has not complied with that order.

## II.  DISCUSSION

**A.    Standard for Reviewing Complaints**

The District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b);

*see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## B.   Plaintiff Failed to State a Claim

On the court-approved complaint form, Plaintiff selected the box indicating that Plaintiff was bringing an official-capacity claim against Bumpley. Doc. 1 at 2. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S 658, 690 n.55

(2018)). To state a claim against a municipality under section 1983, a plaintiff must allege "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

### 1.    *Plaintiff Failed to Allege a Constitutional Violation*

Plaintiff failed to allege that Bumpley used excessive force in violation of the Fourteenth Amendment.

In order to state a claim of excessive force under the Fourteenth Amendment, a pre-trial detainee must allege that the "force purposely or knowingly used against him was objectively unreasonable." *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1300 (11th Cir. 2023). Whether force was objectively unreasonable "turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Factors that bear on the reasonableness inquiry include:

- the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury;

Page 5 of 10

- any effort made by the officer to temper or to limit the amount of force;

- the severity of the security problem at issue;

- the threat reasonably perceived by the officer; and

- whether the plaintiff was actively resisting.

*Id.*

Here, Plaintiff asserts merely that Bumpley violated the Fourteenth Amendment when she sprayed Plaintiff with a chemical agent. Doc. 1 at 5, 7. An officer's use of chemical agents, however, is not *per se* unconstitutional under the Fourteenth Amendment. *Christie ex rel. estate of Christie v. Scott*, 923 F. Supp. 2d 1308, 1326 (M.D. Fla. 2013); *see Thomas v. Bryant*, 614 F.3d 1288, 1310 (11th Cir. 2010). Rather, "[t]he appropriateness of the use" of chemical agents "must be determined by the facts and circumstances of the case." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984); *see Kingsley*, 576 U.S. at 397. Plaintiff did not allege that Bumpley's deployment of a chemical agent was objectively unreasonable, nor did he allege facts which indicate such.[1] Doc. 1 at 5.

---

[1] Because this is an essential element of both an individual- and official-capacity claim, Plaintiff's complaint is subject to dismissal regardless of the capacity in which Plaintiff sued Bumpley.

Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 679. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

### 2.    *Plaintiff Failed to Allege a Custom or Policy*

Plaintiff failed to state a claim upon which relief can be granted in yet a second respect: Plaintiff failed to allege that a Liberty County Sheriff's policy or custom was the moving force behind the alleged constitutional violation.

To plausibly allege a claim against a municipality, the plaintiff must "identify a policy or custom that caused his injury." *McDowell*, 392 F.3d at 1290 (internal quotation marks and citations omitted). This "threshold identification of a custom or policy" ensures that the municipality is held liable only for those deprivations resulting from official policy, and it "prevents the imposition of liability based upon an isolated incident." *Id.* "A policy is a decision that is officially adopted by [the Liberty County Sheriff], or created by an official of such rank that he or she could be said to be acting on behalf of" the Liberty County Sheriff. *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (quotation marks and citation omitted); *see also id.* ("Only those officials who have

final policymaking authority may render the municipality liable under § 1983."). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.*

In his complaint, Plaintiff does not identify a custom or policy that caused the alleged constitutional violation. Plaintiff does not allege that any custom or policy was the "moving force" behind Bumpley spraying Plaintiff with a chemical agent. Instead, Plaintiff's allegation reflects that his encounter with Bumpley was an isolated incident. This is insufficient to state an official-capacity claim. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability" against a municipality. *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion); *Watkins v. Pinnock*, 802 F. App'x 450, 455 (11th Cir. 2020) (per curiam). Therefore, for this second, independent reason, Plaintiff failed to state a plausible claim against Bumpley.

## C.    **Plaintiff's Failure to Amend His Complaint**

"[A]bsent a showing of . . . lack of desire to amend," a *pro se* plaintiff must be given at least one chance to amend his claims before the district court dismisses the complaint. *Hall v. Merola*, 67 F.4th 1282, 1296 (11th Cir. 2023); *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th

Cir. 2019) ("Amendment is *not* warranted" when the plaintiff "has indicated that he does not wish to amend his complaint . . . .").

Here, the undersigned identified the deficiencies in Plaintiff's claim and afforded Plaintiff *two opportunities* to correct the deficiencies. Doc. 7; Doc. 8. The undersigned also warned Plaintiff that this civil action could be dismissed for failure to state a plausible claim for relief. Doc. 7; Doc. 8. Plaintiff has had ample time to file an amended complaint. Indeed, the undersigned afforded Plaintiff 70 days to do so.

### III. CONCLUSION

Because Plaintiff failed to state a claim upon which relief can be granted, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this civil action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

2.    **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 2nd day of April, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**